RYAN P. HAMMOND, WSBA #38888
ANNIE E. REUBEN, WSBA #53299
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone: 206.623.3300
Fax: 206.447.6965

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| SUZANNE ALEXANDRA, an individual<br><br>Plaintiff,<br><br>v.<br><br>CARS COLLISION CENTER, LLC, dba GERBER COLLISION & GLASS III,[1]<br><br>Defendant. | Case No.<br><br>NOTICE OF REMOVAL TO FEDERAL COURT<br><br>*FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION* |

TO:      CLERK OF THE ABOVE-NAMED COURT

AND TO:   SUZANNE ALEXANDRA, an individual

AND TO:   DANIEL R. HAYWARD, Plaintiff's Attorney

PLEASE TAKE NOTICE that Defendant Gerber Collision & Glass ("Gerber

---

[1] Plaintiff's First Amended Complaint improperly names CARS COLLISION CENTER, LLC, dba GERBER COLLISION & GLASS III as the employer-defendant. In fact, Collision Service Repair Center, Inc. dba Gerber Collision & Glass, is the proper employer-defendant. The parties have stipulated to Plaintiff filing an amended complaint naming the correct employer-defendant. The parties anticipate filing the stipulation shortly after removal.

NOTICE OF REMOVAL TO FEDERAL COURT - 1

LITTLER MENDELSON, P.C.

Collision & Glass" or "Defendant"), hereby effects the removal of the state action described herein from the Superior Court of the State of Washington in and for the County of Spokane, Case No. 18-2-04863-32, to the United States District Court for the Eastern District of Washington at Spokane. This removal is based upon federal question jurisdiction, in accord with 28 U.S.C. §§ 1331, 1441(a), and is timely, pursuant to 28 U.S.C. § 1446.

In support of its Notice of Removal, Defendant provides the following information:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1367, and this action is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a). Venue is proper in the Eastern District of Washington at Spokane because this is the District Court of the United States for the district encompassing the place where this action is currently pending. 28 U.S.C. § 1441(a). Defendant is the only defendant and consents to removal of this action. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this notice.

**PLEADINGS**

2. On or about November 2, 2018, Plaintiff initiated the instant matter by

filing a copy of the Summons and Complaint for Damages with the Superior Court of the State of Washington in and for the County of Spokane.  On November 26, 2018, Plaintiff filed a First Amended Summons and Complaint.  Plaintiff served a copy of the Amended Summons and Complaint on Defendant's Registered Agent on November 28, 2018.

      3.     A true and correct copy of Plaintiff's Complaint for Damages is attached as **Exhibit 1**.  A true and correct copy of the Summons is attached as **Exhibit 2**.  A true and correct copy of the Case Assignment Notice and Order is attached as **Exhibit 3**.  A true and correct copy of the First Amended Summons is attached as **Exhibit 4**.  A true and correct copy of the First Amended Complaint is attached as **Exhibit 5**.   A true and correct copy of Defendant's Notice of Appearance is attached as **Exhibit 6**.

      4.     By signing this Notice of Removal, counsel for Defendant verifies that the items attached hereto are true and complete copies of the records and proceedings on file in the state court proceeding.

      5.     This Notice of Removal is timely as it is made within 30 days of receipt of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446.

## FEDERAL QUESTION

      6.     This Court has original jurisdiction over this matter because it arises under

the laws of the United States.  28 U.S.C. § 1331.

7. "The district courts shall have original jurisdiction of all actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  In deciding whether a suit arises under federal law, the district court must abide by the "well-pleaded complaint rule," under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. This case plainly arises under federal law.  Plaintiff's First Amended Complaint arises out of Plaintiff's employment with Defendant.  Plaintiff alleges causes of action for sex discrimination and relation in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-3(a).  Compl. at ¶¶ 5.1-6.5.  Thus, this Court has original jurisdiction over this action.

9. Because this Court has original jurisdiction over this case, removal of this case to federal court is proper.  28 U.S.C. § 1441.

## SUPPLEMENTAL JURISDICTION

10. This Court has supplemental jurisdiction over Plaintiff's remaining state law claims for alleged violations of the Washington Law Against Discrimination, RCW 49.60.160, pursuant to 28 U.S.C. § 1367.  First Amend. Compl. at ¶¶ 5.1-6.5.  This language has been interpreted to allow the district courts to assert jurisdiction over the

state law claims that arise from the same transaction or occurrence as the applicable federal law claims. *See Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 540 (2002).

11. In this case, Plaintiff's state law claims are based on the same alleged facts that underlie her federal claims. Specifically, Plaintiff alleges that the same conduct cited above similarly violates the Washington Law Against Discrimination ("WLAD"). In fact, Plaintiff pleads her federal and state causes of action under the same paragraphs based on the exact same facts. Based on these allegations, Plaintiff claims that Defendant violated federal and Washington state laws against discrimination.

12. Because Plaintiff's state law claims arises from the same transaction or occurrence as her federal claims, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a), and the entire case can be properly removed to federal court. 28 U.S.C. § 1441(c).

## PROCESS AND VENUE

13. Defendant first received a copy of the Complaint when it was personally served on Defendant on November 28, 2018. This Notice of Removal is timely as it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

14. Venue is proper in the Eastern District of Washington at Spokane, because this is the district court of the United States for the district encompassing the place where this action is currently pending. 28 U.S.C. § 1441(a). Venue is proper at Spokane because Plaintiff alleges that she resides in Spokane County.

15. Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in this action, and a copy of the Notice of Removal has been filed with the Clerk of Court of the Superior Court of the State of Washington, in and for the County of Spokane.

## **RESERVATION OF RIGHTS**

16. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense.

WHEREFORE, Defendant respectfully requests that this action now pending in the Spokane County Superior Court, State of Washington, be removed to the United States District Court for the Eastern District of Washington at Spokane.

NOTICE OF REMOVAL TO FEDERAL COURT - 6

LITTLER MENDELSON, P.C.

Dated: December 28, 2018

*s/ Ryan P. Hammond*
Ryan P. Hammond, WSBA #38888
rhammond@littler.com

*s/ Anne E. Reuben*
Anne E. Reuben, WSBA #53299
areuben@littler.com

LITTLER MENDELSON, P.C.

Attorneys for Defendant
Gerber Collision & Glass

NOTICE OF REMOVAL TO FEDERAL COURT - 7

LITTLER MENDELSON, P.C.

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, Washington 98101. I hereby certify that on December 28, 2018, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Daniel R. Hayward, WSBA #51293
Hayward Law, PLLC
905 West Riverside Avenue, Suite 505
Spokane, WA  99201
Tel:  (509) 838-9146
dan@haywardlaw.net

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Dated this 28th day of December, 2018.

*s/ Tiffany D. Holiday*
Tiffany D. Holiday
tholiday@littler.com
**LITTLER MENDELSON, P.C.**

FIRMWIDE:161047818.1 066817.1105

NOTICE OF REMOVAL TO FEDERAL COURT - 8

LITTLER MENDELSON, P.C.